**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                            Case No. 3:07-cr-293-J-37TEM

ABBAS RAUF KAREEM

**ORDER**

This cause is before the Court on the following:

1.     United States' Motion to Lift Stay and Deny Relief (Doc. 70), filed
       March 19, 2013; and

2.     Defendant's Response to the United States' Motion to Lift Stay and Deny
       Relief (Doc. 71), filed March 20, 2013.

Upon consideration, the Court hereby grants the Government's motion.

**BACKGROUND**

On June 12, 2008, Defendant was sentenced to the statutory minimum sentence
under 21 U.S.C. § 841(b)(1) of 240 months for possession with intent to distribute
cocaine base. (Doc. 45.)

The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372
(2010), which took effect on August 3, 2010, reduces the disparity in sentencing
between cocaine base (crack cocaine) and powder cocaine offenses. Pursuant to the
FSA, the U.S. Federal Sentencing Commission promulgated emergency sentencing
guidelines on November 1, 2010 as Amendment 750. 75 Fed. Reg. 66,188 (2010). On
November 1, 2011, these reduced sentencing guidelines became both permanently
effective and retroactive. 76 Fed. Reg. 24,960 (2011). In view of these events, the Court

ordered the U.S. Probation Office to file a supplemental presentence report regarding Defendant's eligibility for a reduction of sentence based on Amendment 750's reduced guidelines under 18 U.S.C. § 3582(c)(2), and ordered the Government and Defendant to respond to that supplemental report. (Doc. 58.)

The U.S. Probation Office's November 28, 2011 memorandum in the Presentence Investigation Report submitted that Defendant was ineligible for a sentence reduction because he was given the mandatory minimum imprisonment term at his sentencing. The Government responded similarly. First, it argued that the FSA does not apply to defendants sentenced before August 3, 2010. (Doc. 61, p. 2.) Second, it contended that Amendment 750 has no authority to alter statutory penalties retroactively, but only alters the Federal Sentencing Guidelines offense level ranges. (*Id.* at 2–4.) Therefore, because Defendant already received the statutory minimum sentence, the Amendment could not reduce his sentence. (*Id.*) Defendant responded in support of a sentence reduction, arguing that Congress intended that the FSA be applied retroactively in Defendant's case. (Doc. 64.)

Relying on *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), which held that the reduced sentencing guidelines apply to defendants convicted before the FSA's passage but sentenced after, this Court entered an order that Defendant would not be resentenced because he was sentenced on June 12, 2008, before the FSA's passage. (Doc. 66.) Upon learning that the U.S. Court of Appeals for the Eleventh Circuit was expected to resolve the precise issue of whether a defendant sentenced before the FSA's passage is entitled to the benefit of the reduced sentencing guidelines, this Court vacated its previous Order (Doc. 66) and stayed proceedings pending the Eleventh Circuit's decision. (Doc. 68.)

On March 14, 2013, the Eleventh Circuit issued its decision, which affirmed a district court's denial of resentencing where the defendant had received the statutory minimum sentence before the FSA's enactment. *United States v. Hippolyte*, No. 11-15933, 2013 WL 978695, at \*5–6 (11th Cir. Mar. 14, 2013). This case is on all fours with *Hippolyte*, as Defendant received the statutory minimum sentence before the passage of the FSA. "[W]hen a defendant's sentence is based on a statutory minimum under 21 U.S.C. § 841(b)(1) that is above the applicable guideline range, Amendment 750 does not lower that guidelines sentence, and the defendant is not eligible for a § 3582(c)(2) reduction." *Id.* at \*3 (citing *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012)). Even if Defendant could bring a § 3582(c)(2) claim, it would fail because the FSA does not apply retroactively to individuals sentenced before its enactment. *Id.* at \*5.

As such, Defendant is not entitled to resentencing under § 3582(c)(2), as Amendment 750's lower sentencing guidelines are inapplicable to him.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      United States' Motion to Lift Stay and Deny Relief (Doc. 70) is **GRANTED**.

2.      The stay in this case is **LIFTED**.

3.      Resentencing under 18 U.S.C. § 3582(c)(2) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on April 24, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record